# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

JOHNATHAN BARKER,

     Plaintiff,

v.                                      CASE NO.: 8:24-cv-02067

KELLER NORTH AMERICA, INC.,

     Defendant.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, JOHNATHAN BARKER, (hereinafter "Plaintiff" or "Mr. Barker"), by and through the undersigned counsel, files this Complaint and Demand for Jury Trial against Defendant, KELLER NORTH AMERICA, INC., (hereinafter "Keller"), and alleges:

## JURISDICTION AND VENUE

1. This is a civil action under federal law by Plaintiff against his former employer for monetary damages, declaratory relief and for other equitable relief pursuant to Title VII of the Civil Rights Act of 1964, as amended, ("Title VII"), the Americans with Disabilities Act of 1990 ("ADA"), the Florida Civil Rights Act of 1992 ("FCRA"), and Florida Statute § 440.205.

2. This Court has jurisdiction over Plaintiff's ADA and Title VII claims under 28 U.S.C §§ 1331 and 1334.

3.     The claims that arise under state law arise out of the same nexus of operative facts, and this Court therefore has supplemental jurisdiction over those claims pursuant to 28 U.S.C. § 1367.

4.     Venue is proper in the United States District Court, Middle District of Florida, pursuant to 28 U.S.C. § 1391(b)(2) as the events or transactions out of which this claim arose occurred in Hillsborough County, which is located within the Middle District of Florida.

## PARTIES

5.     Plaintiff, JOHNATHAN BARKER, is male who resides in Hernando County, Florida, located in the Middle District of Florida.

6.     Defendant, KELLER NORTH AMERICA, INC., is a For Profit Corporation principally located at 7550 Teague Road, Suite 300, Hanover, Maryland 21076.

7.     However, Defendant operates a branch located at 5461 W Waters Avenue, Suite 900, Tampa, Florida 33634.

8.     Plaintiff has satisfied all conditions precedent to bringing this action.

## GENERAL ALLEGATIONS

9.     In July 2022, Keller hired Johnathan Barker as a Geological Structural Engineer.

10. As part of his duties, Keller tasked him with drilling, operating heavy machinery, and performing geological structural engineering to strengthen the ground for structures on top or nearby.

11. Throughout Mr. Barker's employment with Keller, employees relentlessly bullied and harassed him, creating a hostile work environment for him based on his gender, disability, and perceived disability.

12. On July 20, 2023, Mr. Barker suffered from a heat stroke because Keller overworked him without giving him enough water and breaks to help him recover. Despite this, when Mr. Barker wanted to report this incident to HR, Louis Melendez (Project Superintendent) asked him to tell HR that he had been given plenty of water and breaks, and that the heat stroke was his fault because he worked too hard without knowing his limits.

13. On the same day, Mr. Barker reported this incident to HR and told them that he had been overworked. However, HR did nothing to address this situation.

14. On July 21, 2023, Mr. Melendez and Artur Gardner (Supervisor) told other employees that Mr. Barker had complained to HR about his heat stroke and threatened Mr. Barker, stating that he would not have any more work if he went to HR again.

15. In and around July 23, 2023, Keller overworked Mr. Barker causing him to be drenched in sweat and suffer a bloody heat rash between his legs.

16.     On the same day, Mr. Melendez wanted Mr. Barker to work a job that involved fixing a broken pipe. To do the job Mr. Melendez required Mr. Barker to dig in a runoff area while nasty wastewater sprayed all over him from the broken pipe. As a result, Mr. Barker suffered a fungal infection after the wastewater entered his open rash.

17.     Mr. Barker then complained to Mr. Melendez that he had been overworked and had suffered the skin injury and the resulting infection as a consequence. However, Mr. Melendez did nothing to help Mr. Barker. Instead, Mr. Melendez mocked Mr. Barker by sending him a picture of diaper rash cream, and repeatedly called him a baby in front of his co-workers.

18.     On July 24, 2023, Mr. Gardner and Mr. Melendez wanted Mr. Barker to work a job that required him to enter a confined space between the ground and a scalding hot pipe. Mr. Melendez failed to warn Mr. Barker that the pipe had been freshly welded, and that touching the pipe would result in serious injury. Instead, when Mr. Barker entered the confined area, he accidentally yet inevitably touched the scalding hot pipe and sustained a third-degree burn on his butt.

19.     On the same day, Mr. Barker complained to HR that Mr. Melendez intentionally failed to warn him of the scalding hot pipe, which caused him to suffer the burn. Mr. Barker then submitted a Worker's Compensation claim with Keller for

his work-related injury. Since then, the intense pain from the burn greatly limited Mr. Barker's ability to wear clothes, walk, or sit for prolonged periods.

20.     On August 2, 2023, a third-party non-employee worker told Mr. Barker to pick up a hot metal beam, fully knowing that it would severely burn him if he attempted to pick it up. Without knowing more information, Mr. Barker picked up the hot metal beam, which burned his hand upon contact.

21.     On the same date, the same third-party non-employee worker sexually harassed Mr. Barker by placing a ruler between his butt cheeks. When Mr. Barker asked him to stop, the third-party sexually assaulted Mr. Barker by violently shoving a piece of rebar into Mr. Barker's butt while he was bending over. Other employees who witnessed this assault laughed out loud, and relentlessly teased Mr. Barker about the situation.

22.     The following day, on August 3, 2023, Mr. Barker reported this sexual assault incident to HR.

23.     While Mr. Barker was recovering from his wounds in a company-paid hotel room, the General Manager of the hotel recorded Mr. Barker while he was naked in his room.

24.     When Mr. Barker discovered this and confronted him, the General Manager of the hotel told Mr. Barker that Mr. Melendez had instructed him to take pictures of Mr. Barker while he was naked.

25.    On August 3, 2023, Keller terminated Mr. Barker from his position.

26.    Mr. Barker has incurred attorney fees and costs in bringing this matter.

## COUNT I
### Violation of Title VII of the Civil Rights Act of 1964
### For Third-Party Sexual Harassment
### Resulting in a Hostile Work Environment

27.    Plaintiff, JOHNATHAN BARKER, re-alleges and incorporates the allegations put forth in paragraphs one (1) through eleven (11) and paragraphs twenty-one (21) through twenty-six (26) as if set forth herein in full.

28.    Mr. Barker is protected from discrimination on the basis of his gender.

29.    At all material times, Mr. Barker was an employee, and the Defendant was his employer covered by and within the meaning of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e.

30.    Mr. Barker was qualified for the position he held with the Defendant.

31.    Mr. Barker has endured third party sexual harassment while employed with Defendant, thereby altering the terms and conditions of his employment and creating a hostile work environment.

32.    Specifically, an unknown third-party non-employee sexually harassed Mr. Barker by placing a ruler between his butt cheeks. The third-party then sexually assaulted Mr. Barker by violently shoving a piece of rebar into Mr. Barker's butt while he was bent over. The third-party engaged in these sexual acts in front of other Keller employees to humiliate Mr. Barker and create a hostile work environment.

33.     Keller employees who witnessed the sexual assault laughed out loud, and relentlessly teased Mr. Barker about the situation.

34.     Keller knew or should have known of the sexual harassment and assault and failed to take prompt remedial action.

35.     The discriminatory conduct described herein was severe and pervasive and subjected Mr. Barker to a work environment that was intimidating, hostile, and offensive. This hostile work environment detrimentally interfered with Mr. Barker's ability to perform his job duties.

36.     Keller's actions in allowing Mr. Barker to be subjected to a sexually abusive hostile work environment were reckless, willful, and malicious.

37.     Defendant's actions, as set forth above, constitute intentional discrimination on the basis of Plaintiff's sex in violation of Section 703 of Title VII, 42 U.S.C. §2000e-2.

38.     As a direct and proximate result of Defendant's actions, Plaintiff has suffered a loss of employment, loss of compensation, loss of privileges and benefits, and has suffered and continues to suffer mental and emotional distress, humiliation, embarrassment, and damage to his professional reputation. Plaintiff has suffered and will continue to suffer irreparable injury caused by Defendant's illegal conduct.

**WHEREFORE,** Plaintiff requests a trial by jury of all issues so triable as a matter of right, and:

A.   Back pay and all other benefits, perquisites and other compensation for employment which Plaintiff would have received had he maintained his position with the Defendant, plus interest, including but not limited to lost salary and bonuses;

B.   Front pay, including raises, benefits, insurance costs, benefits costs, and retirement benefits;

C.   Reimbursement of all expenses and financial losses Plaintiff has incurred as a result of Defendant's actions;

D.   Reasonable attorney's fees and costs;

E.   Compensatory damages;

F.   Punitive damages; and

G.   Such other relief as this Court shall deem appropriate.

## COUNT II
### Violation of Title VII of the Civil Rights Act of 1964
### For Third-Party Sexual Harassment
### Resulting in Adverse Employment Action

39.   Plaintiff, JOHNATHAN BARKER, re-alleges and incorporates the allegations put forth in paragraphs one (1) through eleven (11) and paragraphs twenty-one (21) through twenty-six (26) as if set forth herein in full.

40.   Mr. Barker is a man and as such, is protected from discrimination on the basis of his gender.

41.     At all material times, Mr. Barker was an employee, and the Defendant was his employer covered by and within the meaning of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e.

42.     Mr. Barker was qualified for the position he held with the Defendant.

43.     Mr. Barker has endured third party sexual harassment while employed with Defendant, thereby altering the terms and conditions of his employment and subjecting him to adverse employment action.

44.     On August 3, 2023, Defendant terminated Mr. Barker from his position because of he was a male victim of third-party sexual harassment.

45.     Defendant's actions in terminating Mr. Barker because of his gender were reckless, willful, and malicious.

46.     Defendant's actions, as set forth above, constitute intentional discrimination on the basis of Plaintiff's sex in violation of Section 703 of Title VII, 42 U.S.C. §2000e-2.

47.     As a direct and proximate result of Defendant's actions, Plaintiff has suffered a loss of employment, loss of compensation, loss of privileges and benefits, and has suffered and continues to suffer mental and emotional distress, humiliation, embarrassment, and damage to his professional reputation. Plaintiff has suffered and will continue to suffer irreparable injury caused by Defendant's illegal conduct.

**WHEREFORE,** Plaintiff requests a trial by jury of all issues so triable as a matter of right, and:

A.      Back pay and all other benefits, perquisites and other compensation for employment which Plaintiff would have received had he maintained his position with the Defendant, plus interest, including but not limited to lost salary and bonuses;

B.      Front pay, including raises, benefits, insurance costs, benefits costs, and retirement benefits;

C.      Reimbursement of all expenses and financial losses Plaintiff has incurred as a result of Defendant's actions;

D.      Reasonable attorney's fees and costs;

E.      Compensatory damages;

F.      Punitive damages; and

G.      Such other relief as this Court shall deem appropriate.

<u>**COUNT III**</u>
**Violation of Title VII of the Civil Rights Act of 1964**
**Retaliation for Engaging in Protected Activity**
**Resulting in a Hostile Work Environment**

48.      Plaintiff, JOHNATHAN BARKER, re-alleges and incorporates the allegations put forth in paragraphs one (1) through eleven (11) and paragraphs twenty-one (21) through twenty-six (26) as if set forth herein in full.

49.      Plaintiff is a member of a protected class under Title VII.

50. Plaintiff engaged in protected activity under Title VII when he complained to HR that he had been sexually assaulted by a third-party non-employee on August 3, 2023.

51. After Plaintiff engaged in this protected activity, Defendant subjected Mr. Barker to a hostile work environment when Mr. Melendez instructed the General Manager of a company-paid hotel room to record and take pictures of Mr. Barker while he was naked.

52. The retaliatory conduct described herein was severe and pervasive and subjected Mr. Barker to a work environment that was intimidating, hostile, and offensive. This hostile work environment detrimentally interfered with Mr. Barker's ability to perform his job duties.

53. Defendant's actions constitute a violation of Title VII in that Defendant retaliated against Plaintiff for complaining about sexual harassment and assault based on his gender.

54. Plaintiff's protected activity was a but-for cause of his hostile work environment, and resulting injury.

55. Defendant acted with intent, malice and reckless disregard for Plaintiff's protected rights when it subjected him to a hostile work environment based on his complaints of sexual harassment and assault.

56.     As a direct, proximate and foreseeable result of Defendant's conduct described above, Plaintiff has suffered emotional distress, mental pain and suffering, past and future pecuniary losses, loss of benefits, inconvenience, embarrassment, mental anguish, loss of enjoyment of life and other non-pecuniary losses, along with lost back and front pay, interest on pay, bonuses, and other tangible and intangible damages. These damages have occurred in the past, are permanent and continuing.

**WHEREFORE**, Plaintiff, JOHNATHAN BARKER, demands entry of a Final Judgment against Defendant, KELLER NORTH AMERICA, INC., for the following:

A.      An award of Back Pay damages;

B.      An award of Front Pay damages;

C.      Compensatory Damages for mental anguish, loss of enjoyment of life, and humiliation;

D.      Prejudgment interest;

E.      An award of Punitive damages;

F.      Reasonable attorney's fees and costs; and

G.      All such other relief as the Court deems just, equitable and appropriate.

## COUNT IV
### Violation of Title VII of the Civil Rights Act of 1964
### Retaliation for Engaging in Protected Activity
### Resulting in Adverse Employment Action

57.     Plaintiff, JOHNATHAN BARKER, re-alleges and incorporates the allegations put forth in paragraphs one (1) through eleven (11) and paragraphs twenty-one (21) through twenty-six (26) as if set forth herein in full.

58.     Plaintiff is a member of a protected class under Title VII.

59.     Plaintiff engaged in protected activity under Title VII when he complained to HR that he had been sexually assaulted by a third-party non-employee on August 3, 2023.

60.     Defendant failed to conduct an adequate investigation regarding Mr. Barker's complaints.

61.     Instead, Defendant retaliated against Mr. Barker for engaging in a protected activity under Title VII by terminating Mr. Barker after he complained about being sexually assaulted.

62.     As a direct, proximate and foreseeable result of Defendant's conduct described above, Plaintiff has suffered emotional distress, mental pain and suffering, past and future pecuniary losses, loss of benefits, inconvenience, embarrassment, mental anguish, loss of enjoyment of life and other non-pecuniary losses, along with lost back and front pay, interest on pay, bonuses, and other tangible and intangible damages. These damages have occurred in the past, are permanent and continuing.

**WHEREFORE**, Plaintiff, JOHNATHAN BARKER, demands entry of a Final Judgment against Defendant, KELLER NORTH AMERICA, INC., for the following:

A.     An award of Back Pay damages;

B.     An award of Front Pay damages;

C.     Compensatory Damages for mental anguish, loss of enjoyment of life, and humiliation;

D.     Prejudgment interest;

E.     An award of Punitive damages;

F.     Reasonable attorney's fees and costs; and

G.     All such other relief as the Court deems just, equitable and appropriate

## COUNT V
### Violation of Title VII of the Civil Rights Act of 1964
### Discrimination Resulting in a Hostile Work Environment
### Based on Sex in the Form of Sexual Harassment

63.     Plaintiff, JOHNATHAN BARKER, re-alleges and incorporates the allegations put forth in paragraphs one (1) through eleven (11) and paragraphs twenty-one (21) through twenty-six (26) as if set forth herein in full.

64.     Mr. Barker is protected from discrimination on the basis of his gender.

65.     At all material times, Mr. Barker was an employee, and the Defendant was his employer covered by and within the meaning of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e.

66.     Mr. Barker was qualified for the position he held with the Defendant.

67.     Mr. Barker's coworkers targeted and sexually harassed him based on his gender.

68.     Specifically, Keller employees who witnessed an unknown third-party non-employee sexually harass and assault Mr. Barker created a hostile work environment for him when they laughed out loud, and relentlessly teased Mr. Barker about the situation.

69.     The discriminatory conduct described herein was severe and pervasive and subjected Mr. Barker to a work environment that was intimidating, hostile, and offensive. This hostile work environment detrimentally interfered with Mr. Barker's ability to perform his job duties.

70.     Defendant's actions in subjecting Mr. Barker to a sexually abusive hostile work environment were reckless, willful, and malicious.

71.     Defendant failed to take adequate remedial measures in response to Mr. Barker's reports of sexual harassment and sexual assault.

72.     Defendant's actions, as set forth above, constitute intentional discrimination on the basis of Plaintiff's sex in violation of Section 703 of Title VII, 42 U.S.C. §2000e-2.

73.     As a direct and proximate result of Defendant's actions, Plaintiff has suffered a loss of employment, loss of compensation, loss of privileges and benefits,

and has suffered and continues to suffer mental and emotional distress, humiliation, embarrassment, and damage to his professional reputation. Plaintiff has suffered and will continue to suffer irreparable injury caused by Defendant's illegal conduct.

**WHEREFORE,** Plaintiff requests a trial by jury of all issues so triable as a matter of right, and:

A.      Back pay and all other benefits, perquisites and other compensation for employment which Plaintiff would have received had he maintained his position with the Defendant, plus interest, including but not limited to lost salary and bonuses;

B.      Front pay, including raises, benefits, insurance costs, benefits costs, and retirement benefits;

C.      Reimbursement of all expenses and financial losses Plaintiff has incurred as a result of Defendant's actions;

D.      Reasonable attorney's fees and costs;

E.      Compensatory damages;

F.      Punitive damages; and

G.      Such other relief as this Court shall deem appropriate.

## COUNT VI
### Violation of Title VII of the Civil Rights Act of 1964
### Discrimination Resulting in Adverse Employment Action
### Based on Sex in the Form of Sexual Harassment

74.     Plaintiff, JOHNATHAN BARKER, re-alleges and incorporates the allegations put forth in paragraphs one (1) through eleven (11) and paragraphs twenty-one (21) through twenty-six (26) as if set forth herein in full.

75.     Mr. Barker is a man and as such, is protected from discrimination on the basis of his gender.

76.     At all material times, Mr. Barker was an employee, and the Defendant was his employer covered by and within the meaning of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e.

77.     Mr. Barker was qualified for the position he held with the Defendant.

78.     Defendant subjected Mr. Barker to adverse employment action based on his gender.

79.     On August 3, 2023, Defendant terminated Mr. Barker from his position because of he was a male victim of sexual harassment.

80.     Defendant's actions in terminating Mr. Barker because of his gender were reckless, willful, and malicious.

81.     Defendant's actions, as set forth above, constitute intentional discrimination on the basis of Plaintiff's sex in violation of Section 703 of Title VII, 42 U.S.C. §2000e-2.

82.     As a direct and proximate result of Defendant's actions, Plaintiff has suffered a loss of employment, loss of compensation, loss of privileges and benefits, and has suffered and continues to suffer mental and emotional distress, humiliation, embarrassment, and damage to his professional reputation. Plaintiff has suffered and will continue to suffer irreparable injury caused by Defendant's illegal conduct.

**WHEREFORE,** Plaintiff requests a trial by jury of all issues so triable as a matter of right, and:

A.     Back pay and all other benefits, perquisites and other compensation for employment which Plaintiff would have received had he maintained his position with the Defendant, plus interest, including but not limited to lost salary and bonuses;

B.     Front pay, including raises, benefits, insurance costs, benefits costs, and retirement benefits;

C.     Reimbursement of all expenses and financial losses Plaintiff has incurred as a result of Defendant's actions;

D.     Reasonable attorney's fees and costs;

E.     Compensatory damages;

F.     Punitive damages; and

G.     Such other relief as this Court shall deem appropriate.

## COUNT VII
## Violation of Title VII of the Civil Rights Act of 1964
## Retaliation for Engaging in Protected Activity
## Resulting in a Hostile Work Environment

83.     Plaintiff, JOHNATHAN BARKER, re-alleges and incorporates the allegations put forth in paragraphs one (1) through eleven (11) and paragraphs twenty-one (21) through twenty-six (26) as if set forth herein in full.

84.     Plaintiff is a member of a protected class under Title VII.

85.     Plaintiff engaged in protected activity under Title VII when he complained to HR that he had been sexually assaulted on August 3, 2023.

86.     After Plaintiff engaged in this protected activity, Defendant subjected Mr. Barker to a hostile work environment when Mr. Melendez instructed the General Manager of a company-paid hotel room to record and take naked pictures of Mr. Barker in an effort to embarrass and humiliate him.

87.     The retaliatory conduct described herein was severe and pervasive and subjected Mr. Barker to a work environment that was intimidating, hostile, and offensive. This hostile work environment detrimentally interfered with Mr. Barker's ability to perform his job duties.

88.     Defendant's actions constitute a violation of Title VII in that Defendant retaliated against Plaintiff for complaining about sexual harassment and assault based on his gender.

89.    Plaintiff's protected activity was a but-for cause of his hostile work environment, and resulting injury.

90.    Defendant acted with intent, malice and reckless disregard for Plaintiff's protected rights when it subjected him to a hostile work environment based on his complaints of sexual harassment and assault.

91.    As a direct, proximate and foreseeable result of Defendant's conduct described above, Plaintiff has suffered emotional distress, mental pain and suffering, past and future pecuniary losses, loss of benefits, inconvenience, embarrassment, mental anguish, loss of enjoyment of life and other non-pecuniary losses, along with lost back and front pay, interest on pay, bonuses, and other tangible and intangible damages. These damages have occurred in the past, are permanent and continuing.

**WHEREFORE**, Plaintiff, JOHNATHAN BARKER, demands entry of a Final Judgment against Defendant, KELLER NORTH AMERICA, INC., for the following:

A.    An award of Back Pay damages;

B.    An award of Front Pay damages;

C.    Compensatory Damages for mental anguish, loss of enjoyment of life, and humiliation;

D.    Prejudgment interest;

E.    An award of Punitive damages;

F.    Reasonable attorney's fees and costs; and

G.    All such other relief as the Court deems just, equitable and appropriate.

## COUNT VIII
### Violation of Title VII of the Civil Rights Act of 1964
### Retaliation for Engaging in Protected Activity
### Resulting in Adverse Employment Action

92.    Plaintiff, JOHNATHAN BARKER, re-alleges and incorporates the allegations put forth in paragraphs one (1) through eleven (11) and paragraphs twenty-one (21) through twenty-six (26) as if set forth herein in full.

93.    Plaintiff is a member of a protected class under Title VII.

94.    Plaintiff engaged in protected activity under Title VII when he complained to HR that he had been sexually assaulted on August 3, 2023.

95.    Defendant failed to conduct an adequate investigation regarding Mr. Barker's complaints.

96.    Instead, Defendant retaliated against Plaintiff for engaging in a protected activity under Title VII by terminating Plaintiff after he complained about being sexually assaulted.

97.    As a direct, proximate and foreseeable result of Defendant's conduct described above, Plaintiff has suffered emotional distress, mental pain and suffering, past and future pecuniary losses, loss of benefits, inconvenience, embarrassment, mental anguish, loss of enjoyment of life and other non-pecuniary losses, along with

lost back and front pay, interest on pay, bonuses, and other tangible and intangible damages. These damages have occurred in the past, are permanent and continuing.

**WHEREFORE**, Plaintiff, JOHNATHAN BARKER, demands entry of a Final Judgment against Defendant, KELLER NORTH AMERICA, INC., for the following:

A.     An award of Back Pay damages;

B.     An award of Front Pay damages;

C.     Compensatory Damages for mental anguish, loss of enjoyment of life, and humiliation;

D.     Prejudgment interest;

E.     An award of Punitive damages;

F.     Reasonable attorney's fees and costs; and

G.     All such other relief as the Court deems just, equitable and appropriate

**COUNT IX**
**Violation of the FCRA**
**Discrimination Resulting in a Hostile Work Environment**
**Based on Sex in the Form of Sexual Harassment**

98.     Plaintiff, JOHNATHAN BARKER, re-alleges and incorporates the allegations put forth in paragraphs one (1) through eleven (11) and paragraphs twenty-one (21) through twenty-six (26) as if set forth herein in full.

99.     Mr. Barker is a man and as such, is protected from discrimination on the basis of his gender.

100. At all material times, Mr. Barker was an employee, and the Defendant was his employer covered by and within the meaning of the Florida Civil Rights Act of 1992 ("FCRA").

101. Mr. Barker was qualified for the position he held with the Defendant.

102. Mr. Barker's coworkers targeted and sexually harassed him based on his gender.

103. Specifically, Keller employees who witnessed an unknown third-party non-employee sexually harass and assault Mr. Barker created a hostile work environment for him when they laughed out loud, and relentlessly teased Mr. Barker about the situation.

104. The discriminatory conduct described herein was severe and pervasive and subjected Mr. Barker to a work environment that was intimidating, hostile, and offensive. This hostile work environment detrimentally interfered with Mr. Barker's ability to perform his job duties.

105. Defendant's actions in subjecting Mr. Barker to a sexually abusive hostile work environment were reckless, willful, and malicious.

106. Defendant failed to take adequate remedial measures in response to Mr. Barker's reports of sexual harassment and sexual assault.

107. By virtue of the actions described herein, Defendant has violated the FCRA.

108. As a direct and proximate result of Defendant's actions, Plaintiff has suffered a loss of employment, loss of compensation, loss of privileges and benefits, and has suffered and continues to suffer mental and emotional distress, humiliation, embarrassment, and damage to his professional reputation. Plaintiff has suffered and will continue to suffer irreparable injury caused by Defendant's illegal conduct.

**WHEREFORE,** Plaintiff requests a trial by jury of all issues so triable as a matter of right, and:

A. Back pay and all other benefits, perquisites and other compensation for employment which Plaintiff would have received had he maintained his position with the Defendant, plus interest, including but not limited to lost salary and bonuses;

B. Front pay, including raises, benefits, insurance costs, benefits costs, and retirement benefits;

C. Reimbursement of all expenses and financial losses Plaintiff has incurred as a result of Defendant's actions;

D. Reasonable attorney's fees and costs;

E. Compensatory damages;

F. Punitive damages; and

G. Such other relief as this Court shall deem appropriate.

**COUNT X**
**Violation of the FCRA**
**Discrimination Resulting in Adverse Employment Action**
**Based on Sex in the Form of Sexual Harassment**

109.   Plaintiff, JOHNATHAN BARKER, re-alleges and incorporates the allegations put forth in paragraphs one (1) through eleven (11) and paragraphs twenty-one (21) through twenty-six (26) as if set forth herein in full.

110.   Mr. Barker is a man and as such, is protected from discrimination on the basis of his gender.

111.   At all material times, Mr. Barker was an employee, and the Defendant was his employer covered by and within the meaning of the Florida Civil Rights Act of 1992 ("FCRA").

112.   Mr. Barker was qualified for the position he held with the Defendant.

113.   Defendant subjected Mr. Barker to adverse employment action based on his gender.

114.   On August 3, 2023, Defendant terminated Mr. Barker from his position because of he was a male victim of sexual harassment.

115.   Defendant's actions in terminating Mr. Barker because of his gender were reckless, willful, and malicious.

116.   By virtue of the actions described herein, Defendant has violated the FCRA.

117.     As a direct and proximate result of Defendant's actions, Plaintiff has suffered a loss of employment, loss of compensation, loss of privileges and benefits, and has suffered and continues to suffer mental and emotional distress, humiliation, embarrassment, and damage to his professional reputation. Plaintiff has suffered and will continue to suffer irreparable injury caused by Defendant's illegal conduct.

**WHEREFORE,** Plaintiff requests a trial by jury of all issues so triable as a matter of right, and:

A.     Back pay and all other benefits, perquisites and other compensation for employment which Plaintiff would have received had he maintained his position with the Defendant, plus interest, including but not limited to lost salary and bonuses;

B.     Front pay, including raises, benefits, insurance costs, benefits costs, and retirement benefits;

C.     Reimbursement of all expenses and financial losses Plaintiff has incurred as a result of Defendant's actions;

D.     Reasonable attorney's fees and costs;

E.     Compensatory damages;

F.     Punitive damages; and

G.     Such other relief as this Court shall deem appropriate.

## COUNT XI
## Violation of the FCRA
## Retaliation for Engaging in Protected Activity
## Resulting in a Hostile Work Environment

118.    Plaintiff, JOHNATHAN BARKER, re-alleges and incorporates the allegations put forth in paragraphs one (1) through eleven (11) and paragraphs twenty-one (21) through twenty-six (26) as if set forth herein in full.

119.    Plaintiff is a member of a protected class under the FCRA.

120.    Plaintiff engaged in protected activity under the FCRA when he complained to HR that he had been sexually assaulted on August 3, 2023.

121.    After Plaintiff engaged in this protected activity, Defendant subjected Mr. Barker to a hostile work environment when Mr. Melendez instructed the General Manager of a company-paid hotel room to record and take naked pictures of Mr. Barker in an effort to embarrass and humiliate him.

122.    The retaliatory conduct described herein was severe and pervasive and subjected Mr. Barker to a work environment that was intimidating, hostile, and offensive. This hostile work environment detrimentally interfered with Mr. Barker's ability to perform his job duties.

123.    Defendant's actions constitute a violation of the FCRA in that Defendant retaliated against Plaintiff for complaining about sexual harassment and assault based on his gender.

124.   Plaintiff's protected activity was a but-for cause of his hostile work environment, and resulting injury.

125.   Defendant acted with intent, malice and reckless disregard for Plaintiff's protected rights when it subjected him to a hostile work environment based on his complaints of sexual harassment and assault.

126.   As a direct, proximate and foreseeable result of Defendant's conduct described above, Plaintiff has suffered emotional distress, mental pain and suffering, past and future pecuniary losses, loss of benefits, inconvenience, embarrassment, mental anguish, loss of enjoyment of life and other non-pecuniary losses, along with lost back and front pay, interest on pay, bonuses, and other tangible and intangible damages. These damages have occurred in the past, are permanent and continuing.

**WHEREFORE**, Plaintiff, JOHNATHAN BARKER, demands entry of a Final Judgment against Defendant, KELLER NORTH AMERICA, INC., for the following:

A.     An award of Back Pay damages;

B.     An award of Front Pay damages;

C.     Compensatory Damages for mental anguish, loss of enjoyment of life, and humiliation;

D.     Prejudgment interest;

E.     An award of Punitive damages;

F.  Reasonable attorney's fees and costs; and

G.  All such other relief as the Court deems just, equitable and appropriate.

**COUNT XII**
**Violation of the FCRA**
**Retaliation for Engaging in Protected Activity**
**Resulting in Adverse Employment Action**

127.  Plaintiff, JOHNATHAN BARKER, re-alleges and incorporates the allegations put forth in paragraphs one (1) through eleven (11) and paragraphs twenty-one (21) through twenty-six (26) as if set forth herein in full.

128.  Plaintiff is a member of a protected class under the FCRA.

129.  Plaintiff engaged in protected activity under the FCRA when he complained to HR that he had been sexually assaulted on August 3, 2023.

130.  Defendant failed to conduct an adequate investigation regarding Mr. Barker's complaints.

131.  Instead, Defendant retaliated against Plaintiff for engaging in a protected activity under the FCRA by terminating Plaintiff after he complained about being sexually assaulted.

132.  As a direct, proximate and foreseeable result of Defendant's conduct described above, Plaintiff has suffered emotional distress, mental pain and suffering, past and future pecuniary losses, loss of benefits, inconvenience, embarrassment, mental anguish, loss of enjoyment of life and other non-pecuniary losses, along with

lost back and front pay, interest on pay, bonuses, and other tangible and intangible damages. These damages have occurred in the past, are permanent and continuing.

**WHEREFORE**, Plaintiff, JOHNATHAN BARKER, demands entry of a Final Judgment against Defendant, KELLER NORTH AMERICA, INC., for the following:

A.     An award of Back Pay damages;

B.     An award of Front Pay damages;

C.     Compensatory Damages for mental anguish, loss of enjoyment of life, and humiliation;

D.     Prejudgment interest;

E.     An award of Punitive damages;

F.     Reasonable attorney's fees and costs; and

G.     All such other relief as the Court deems just, equitable and appropriate

**COUNT XIII**
**Violation of the ADA**
**Discrimination Resulting in**
**A Hostile Work Environment**
**On the Basis of Disability**

133.   Plaintiff, JOHNATHAN BARKER, incorporates by reference the allegations set forth in paragraphs one (1) through twenty-six (26) as if set forth herein in full.

134. The Americans with Disabilities Act, 42 U.S.C. §12101, makes it unlawful to discriminate against any individual in the terms, conditions, or privileges of employment based on that person's disability or perceived disability.

135. During his employment with Defendant, Mr. Barker suffered a heat stroke, a bloody skin rash between his legs which got infected, and a third-degree burn on his butt from contact with a scalding hot pipe. The pain from Mr. Barker's work-related injuries greatly limited his ability to wear clothes, walk, or sit for prolonged periods.

136. Plaintiff is a member of a protected class and protected by the ADA from discrimination based on his disability or perceived disability.

137. Defendant is an "employer" within the meaning of the ADA during the time of these allegations.

138. Plaintiff has satisfied all procedural and administrative requirements set forth in the ADA.

139. Mr. Barker was qualified for his job.

140. Mr. Barker's non-disabled coworkers targeted and harassed him based on his disability or perceived disability.

141. On July 20, 2023, Mr. Barker suffered a heat stroke because Keller employees overworked him without giving him enough water and breaks to help him recover.

142.     When Mr. Barker suffered a bloody skin rash and fungal infection in between his legs, Mr. Melendez mocked Mr. Barker by sending him a picture of diaper rash cream, and repeatedly called him a baby in front of his co-workers.

143.     The discriminatory conduct described herein was severe and pervasive and subjected Mr. Barker to a work environment that was intimidating, hostile, and offensive. This hostile work environment detrimentally interfered with Mr. Barker's ability to perform his job duties.

144.     Defendant's actions in subjecting Mr. Barker to a hostile work environment because of his disability or perceived disability were reckless, willful, and malicious.

145.     As a direct and proximate result of Defendant's actions, Plaintiff has suffered a loss of employment, loss of compensation, loss of privileges and benefits, and has suffered and continues to suffer mental and emotional distress, humiliation, embarrassment, and damage to his professional reputation. Plaintiff has suffered and will continue to suffer irreparable injury caused by Defendant's illegal conduct.

**WHEREFORE**, Plaintiff, JOHNATHAN BARKER, demands entry of a Final Judgment against Defendant for the following:

A.     An award of Back Pay damages;

B.     An award of Front Pay damages;

C.    Compensatory Damages for mental anguish, loss of enjoyment of life, and humiliation;

D.    Prejudgment interest;

E.    An award of Punitive damages;

E.    Reasonable attorney's fees and costs; and

F.    All such other relief as the Court deems just, equitable and appropriate.

**COUNT XIV**
**Violation of the ADA**
**Discrimination Resulting in**
**Adverse Employment Action**
**On the Basis of Disability**

146.   Plaintiff, JOHNATHAN BARKER, incorporates by reference the allegations set forth in paragraphs one (1) through twenty-six (26) as if set forth herein in full.

147.   The Americans with Disabilities Act, 42 U.S.C. §12101, makes it unlawful to discriminate against any individual in the terms, conditions, or privileges of employment based on that person's disability or perceived disability.

148.   During his employment with Defendant, Mr. Barker suffered a heat stroke, a bloody skin rash between his legs which got infected, and a third-degree burn on his butt from contact with a scalding hot pipe. The pain from Mr. Barker's work-related injuries greatly limited his ability to wear clothes, walk, or sit for prolonged periods.

149.   Plaintiff is a member of a protected class and protected by the ADA from discrimination based on his disability or perceived disability.

150.   Defendant is an "employer" within the meaning of the ADA during the time of these allegations.

151.   Plaintiff has satisfied all procedural and administrative requirements set forth in the ADA.

152.   Mr. Barker was qualified for his job.

153.   Defendant subjected Mr. Barker to adverse employment action because of his disability or perceived disability.

154.   On August 3, 2023, Defendant terminated Mr. Barker from his position because of his disability or perceived disability.

155.   Defendant's actions in terminating Mr. Barker because of his disability were reckless, willful, and malicious.

156.   As a direct and proximate result of Defendant's actions, Plaintiff has suffered a loss of employment, loss of compensation, loss of privileges and benefits, and has suffered and continues to suffer mental and emotional distress, humiliation, embarrassment, and damage to his professional reputation. Plaintiff has suffered and will continue to suffer irreparable injury caused by Defendant's illegal conduct.

**WHEREFORE**, Plaintiff, JOHNATHAN BARKER, demands entry of a Final Judgment against Defendant, KELLER NORTH AMERICA, INC., for the following:

A.  An award of Back Pay damages;

B.  An award of Front Pay damages;

C.  Compensatory Damages for mental anguish, loss of enjoyment of life, and humiliation;

D.  Prejudgment interest;

E.  Reasonable attorney's fees and costs; and

F.  All such other relief as the Court deems just, equitable and appropriate.

**<u>COUNT XV</u>**
**Violation of the ADA**
**Retaliation for Engaging in a Protected Activity**
**Resulting in a Hostile Work Environment**

157.  Plaintiff, JOHNATHAN BARKER, incorporates by reference the allegations set forth in paragraphs one (1) through twenty-six (26) as if set forth herein in full.

158.  Plaintiff is a member of a protected class under the ADA.

159.  Plaintiff engaged in protected activity under the ADA when he complained to HR about disability discrimination.

160. After Mr. Barker engaged in this protected activity, Defendant subjected Mr. Barker to a hostile work environment by allowing Mr. Melendez and Mr. Gardner to threaten Mr. Barker, stating that he would not have any more work if he complained to HR again.

161. Mr. Barker also engaged in protected activity when he complained to Mr. Melendez that he was being overworked because of his previous complaints of discrimination, and that he suffered from a bloody skin rash affected by a fungal infection as a result.

162. After Mr. Barker engaged in this protected activity, Mr. Melendez mocked Mr. Barker by sending him a picture of diaper rash cream, and repeatedly called him a baby in front of his co-workers.

163. The retaliatory conduct described herein was severe and pervasive and subjected Mr. Barker to a work environment that was intimidating, hostile, and offensive. This hostile work environment detrimentally interfered with Mr. Barker's ability to perform his job duties.

164. Defendant's actions constitute a violation of ADA in that Defendant retaliated against Plaintiff and subjected him to a hostile work environment for complaining about disability discrimination.

165. Plaintiff's protected activity was a but-for cause of his hostile work environment, and resulting injury.

166. Defendant acted with intent, malice and reckless disregard for Plaintiff's protected rights when it subjected him to a hostile work environment based on his complaints of disability discrimination.

167. As a direct, proximate and foreseeable result of Defendant's conduct described above, Plaintiff has suffered emotional distress, mental pain and suffering, past and future pecuniary losses, loss of benefits, inconvenience, embarrassment, mental anguish, loss of enjoyment of life and other non-pecuniary losses, along with lost back and front pay, interest on pay, bonuses, and other tangible and intangible damages. These damages have occurred in the past, are permanent and continuing.

**WHEREFORE**, Plaintiff, JOHNATHAN BARKER, demands entry of a Final Judgment against Defendant, KELLER NORTH AMERICA, INC., for the following:

A. An award of Back Pay damages;

B. An award of Front Pay damages;

C. Compensatory Damages for mental anguish, loss of enjoyment of life, and humiliation;

D. Prejudgment interest;

E. An award of Punitive damages;

F. Reasonable attorney's fees and costs; and

G. All such other relief as the Court deems just, equitable and appropriate.

## COUNT XVI
### Violation of the ADA
### Retaliation for Engaging in a Protected Activity
### Resulting in Adverse Employment Action

168.   Plaintiff, JOHNATHAN BARKER, incorporates by reference the allegations set forth in paragraphs one (1) through twenty-six (26) as if set forth herein in full.

169.   Plaintiff is a member of a protected class under the ADA.

170.   Plaintiff engaged in protected activity under the ADA when he complained to HR and Mr. Melendez about disability discrimination.

171.   Defendant failed to conduct an adequate investigation regarding Mr. Barker's complaints.

172.   Instead, Defendant retaliated against Mr. Barker for engaging in a protected activity under the ADA by terminating Mr. Barker after he complained about disability discrimination.

173.   Defendant's actions were willful and done with malice.

174.   As a direct, proximate and foreseeable result of Defendant's conduct described above, Plaintiff has suffered emotional distress, mental pain and suffering, past and future pecuniary losses, loss of benefits, inconvenience, embarrassment, mental anguish, loss of enjoyment of life and other non-pecuniary losses, along with lost back and front pay, interest on pay, bonuses, and other tangible and intangible damages. These damages have occurred in the past, are permanent and continuing.

**WHEREFORE**, Plaintiff, JOHNATHAN BARKER, demands entry of a Final Judgment against Defendant, KELLER NORTH AMERICA, INC., for the following:

A.   An award of Back Pay damages;

B.   An award of Front Pay damages;

C.   Compensatory Damages for mental anguish, loss of enjoyment of life, and humiliation;

D.   Prejudgment interest;

E.   An award of Punitive damages;

F.   Reasonable attorney's fees and costs; and

G.   All such other relief as the Court deems just, equitable and appropriate.

**COUNT XVII**
**Violation of the FCRA**
**Discrimination Resulting in**
**A Hostile Work Environment**
**On the Basis of Disability**

175.   Plaintiff, JOHNATHAN BARKER, incorporates by reference the allegations set forth in paragraphs one (1) through twenty-six (26) as if set forth herein in full.

176.   The Florida Civil Rights Act of 1992, Fla. Stat. § 760.01, et seq. ("FCRA") makes it unlawful to discriminate against any individual in the terms, conditions, or privileges of employment based on that person's disability.

177. During his employment with Defendant, Mr. Barker suffered a heat stroke, a bloody skin rash between his legs which got infected, and a third-degree burn on his butt from contact with a scalding hot pipe. The pain from Mr. Barker's work-related injuries greatly limited his ability to wear clothes, walk, or sit for prolonged periods.

178. Plaintiff is a member of a protected class and protected by the FCRA from discrimination based on his disability or perceived disability.

179. Defendant is an "employer" within the meaning of the FCRA during the time of these allegations.

180. Plaintiff has satisfied all procedural and administrative requirements set forth in the FCRA.

181. Mr. Barker was qualified for his job.

182. Mr. Barker's non-disabled coworkers targeted and harassed him based on his disability or perceived disability.

183. On July 20, 2023, Mr. Barker suffered a heat stroke because Keller employees overworked him without giving him enough water and breaks to help him recover.

184. When Mr. Barker suffered a bloody skin rash and fungal infection in between his legs, Mr. Melendez mocked Mr. Barker by sending him a picture of diaper rash cream, and repeatedly called him a baby in front of his co-workers.

185.  The discriminatory conduct described herein was severe and pervasive and subjected Mr. Barker to a work environment that was intimidating, hostile, and offensive. This hostile work environment detrimentally interfered with Mr. Barker's ability to perform his job duties.

186.  Defendant's actions in subjecting Mr. Barker to a hostile work environment because of his disability or perceived disability were reckless, willful, and malicious.

187.  As a direct and proximate result of Defendant's actions, Plaintiff has suffered a loss of employment, loss of compensation, loss of privileges and benefits, and has suffered and continues to suffer mental and emotional distress, humiliation, embarrassment, and damage to his professional reputation. Plaintiff has suffered and will continue to suffer irreparable injury caused by Defendant's illegal conduct.

**WHEREFORE**, Plaintiff, JOHNATHAN BARKER, demands entry of a Final Judgment against Defendant for the following:

A.    An award of Back Pay damages;

B.    An award of Front Pay damages;

C.    Compensatory Damages for mental anguish, loss of enjoyment of life, and humiliation;

D.    Prejudgment interest;

E.    An award of Punitive damages;

F.     Reasonable attorney's fees and costs; and

G.     All such other relief as the Court deems just, equitable and appropriate.

**COUNT XVIII**
**Violation of the FCRA**
**Discrimination Resulting in**
**Adverse Employment Action**
**On the Basis of Disability**

188.  Plaintiff, JOHNATHAN BARKER, incorporates by reference the allegations set forth in paragraphs one (1) through twenty-six (26) as if set forth herein in full.

189.  The Florida Civil Rights Act of 1992, Fla. Stat. § 760.01, et seq. ("FCRA") makes it unlawful to discriminate against any individual in the terms, conditions, or privileges of employment based on that person's disability.

190.  During his employment with Defendant, Mr. Barker suffered a heat stroke, a bloody skin rash between his legs which got infected, and a third-degree burn on his butt from contact with a scalding hot pipe. The pain from Mr. Barker's work-related injuries greatly limited his ability to wear clothes, walk, or sit for prolonged periods.

191.  Plaintiff is a member of a protected class and protected by the FCRA from discrimination based on his disability or perceived disability.

192.  Defendant is an "employer" within the meaning of the FCRA during the time of these allegations.

193. Plaintiff has satisfied all procedural and administrative requirements set forth in the FCRA.

194. Mr. Barker was qualified for his job.

195. Defendant subjected Mr. Barker to adverse employment action because of his disability or perceived disability.

196. On August 3, 2023, Defendant terminated Mr. Barker from his position because of his disability or perceived disability.

197. Defendant's actions in terminating Mr. Barker because of his disability were reckless, willful, and malicious.

198. As a direct and proximate result of Defendant's actions, Plaintiff has suffered a loss of employment, loss of compensation, loss of privileges and benefits, and has suffered and continues to suffer mental and emotional distress, humiliation, embarrassment, and damage to his professional reputation. Plaintiff has suffered and will continue to suffer irreparable injury caused by Defendant's illegal conduct.

**WHEREFORE**, Plaintiff, JOHNATHAN BARKER, demands entry of a Final Judgment against Defendant, KELLER NORTH AMERICA, INC., for the following:

A. An award of Back Pay damages;

B. An award of Front Pay damages;

C.      Compensatory Damages for mental anguish, loss of enjoyment of life, and humiliation;

D.      Prejudgment interest;

E.      An award of Punitive damages;

F.      Reasonable attorney's fees and costs; and

G.      All such other relief as the Court deems just, equitable and appropriate.

**COUNT XIX**
**Violation of the FCRA**
**Retaliation for Engaging in a Protected Activity**
**Resulting in a Hostile Work Environment**

199.  Plaintiff, JOHNATHAN BARKER, incorporates by reference the allegations set forth in paragraphs one (1) through twenty-six (26) as if set forth herein in full.

200.  Plaintiff is a member of a protected class under the FCRA.

201.  Plaintiff engaged in protected activity under the FCRA when he complained to HR about disability discrimination.

202.  After Mr. Barker engaged in this protected activity, Defendant subjected Mr. Barker to a hostile work environment by allowing Mr. Melendez and Mr. Gardner to threaten Mr. Barker, stating that he would not have any more work if he complained to HR again.

203.  Mr. Barker also engaged in protected activity when he complained to Mr. Melendez that he was being overworked because of his previous complaints of

discrimination, and that he suffered from a bloody skin rash affected by a fungal infection as a result.

204. After Mr. Barker engaged in this protected activity, Mr. Melendez mocked Mr. Barker by sending him a picture of diaper rash cream, and repeatedly called him a baby in front of his co-workers.

205. The retaliatory conduct described herein was severe and pervasive and subjected Mr. Barker to a work environment that was intimidating, hostile, and offensive. This hostile work environment detrimentally interfered with Mr. Barker's ability to perform his job duties.

206. Defendant's actions constitute a violation of FCRA in that Defendant retaliated against Plaintiff and subjected him to a hostile work environment for complaining about disability discrimination.

207. Plaintiff's protected activity was a but-for cause of his hostile work environment, and resulting injury.

208. Defendant acted with intent, malice and reckless disregard for Plaintiff's protected rights when it subjected him to a hostile work environment based on his complaints of disability discrimination.

209. As a direct, proximate and foreseeable result of Defendant's conduct described above, Plaintiff has suffered emotional distress, mental pain and suffering, past and future pecuniary losses, loss of benefits, inconvenience, embarrassment,

mental anguish, loss of enjoyment of life and other non-pecuniary losses, along with lost back and front pay, interest on pay, bonuses, and other tangible and intangible damages. These damages have occurred in the past, are permanent and continuing.

**WHEREFORE**, Plaintiff, JOHNATHAN BARKER, demands entry of a Final Judgment against Defendant, KELLER NORTH AMERICA, INC., for the following:

A.     An award of Back Pay damages;

B.     An award of Front Pay damages;

C.     Compensatory Damages for mental anguish, loss of enjoyment of life, and humiliation;

D.     Prejudgment interest;

E.     An award of Punitive damages;

F.     Reasonable attorney's fees and costs; and

G.     All such other relief as the Court deems just, equitable and appropriate.

### COUNT XX
### Violation of the ADA
### Retaliation for Engaging in a Protected Activity
### Resulting in Adverse Employment Action

210.   Plaintiff, JOHNATHAN BARKER, incorporates by reference the allegations set forth in paragraphs one (1) through twenty-six (26) as if set forth herein in full.

211. The Florida Civil Rights Act of 1992, Fla. Stat. § 760.01, et al. ("FCRA") makes it unlawful to discriminate against any individual in the terms, conditions, or privileges of employment based on that person's engagement in a protected activity.

212. Plaintiff is a member of a protected class under the FCRA.

213. Plaintiff engaged in protected activity under the FCRA when he complained to HR and Mr. Melendez about disability discrimination.

214. Defendant failed to conduct an adequate investigation regarding Mr. Barker's complaints.

215. Instead, Defendant retaliated against Mr. Barker for engaging in a protected activity under the FCRA by terminating Mr. Barker after he complained about disability discrimination.

216. Defendant's actions were willful and done with malice.

217. As a direct, proximate and foreseeable result of Defendant's conduct described above, Plaintiff has suffered emotional distress, mental pain and suffering, past and future pecuniary losses, loss of benefits, inconvenience, embarrassment, mental anguish, loss of enjoyment of life and other non-pecuniary losses, along with lost back and front pay, interest on pay, bonuses, and other tangible and intangible damages. These damages have occurred in the past, are permanent and continuing.

**WHEREFORE**, Plaintiff, JOHNATHAN BARKER, demands entry of a Final Judgment against Defendant, KELLER NORTH AMERICA, INC., for the following:

A.    An award of Back Pay damages;

B.    An award of Front Pay damages;

C.    Compensatory Damages for mental anguish, loss of enjoyment of life, and humiliation;

D.    Prejudgment interest;

E.    An award of Punitive damages;

F.    Reasonable attorney's fees and costs; and

G.    All such other relief as the Court deems just, equitable and appropriate.

### COUNT XXI
### Workers' Compensation Retaliation
### Pursuant to § 440.205, Florida Statutes

218.    Plaintiff, JOHNATHAN BARKER, incorporates by reference the allegations set forth in paragraphs one (1) through eleven (11), and eighteen (18) through twenty-six (26) as if set forth herein in full.

219.    Plaintiff brings an action under the Workers' Compensation Law §440.205, Florida Statutes, for unlawful retaliation.

220.    On July 24, 2023, Mr. Barker suffered an injury while working for Defendant.

221.   On the same day, Mr. Barker submitted a Worker's Compensation Claim relating to the injury he sustained.

222.   On August 3, 2023, Defendant terminated Mr. Barker from his position in retaliation for submitting a worker's compensation claim on July 24, 2023.

223.   Mr. Barker's termination was a retaliatory action taken by Defendant against Mr. Barker for making a claim for worker's compensation benefits in violation of § 440.205, Florida Statutes.

224.   As a direct, proximate and foreseeable result of Defendants' termination of Plaintiff, Plaintiff has suffered emotional distress, mental pain and suffering, past and future pecuniary losses, inconvenience, mental anguish, loss of enjoyment of life and other non-pecuniary losses, along with lost back and front pay, interest on pay, bonuses, and other tangible and intangible damages. These damages have occurred in the past, are permanent and continuing.

**WHEREFORE**, Plaintiff, JOHNATHAN BARKER, demands entry of a Final Judgment against Defendant, KELLER NORTH AMERICA, INC., for the following:

A.    Compensation for lost wages, benefits, and other remuneration;

B.    Front pay;

C.    Compensatory damages, including emotional distress, allowable at law;

D.    Prejudgment interest on all monetary recovery obtained;

E.     Damages for all employment benefits he would have received but for the discriminatory acts and practices of Defendant; and

F.     For such further relief as the Court deems just and equitable.

## DEMAND FOR TRIAL BY JURY

Plaintiff respectfully requests a trial by jury.

Dated this 30th day of August, 2024.

*/s/ Gary L Printy, Jr, Esq*
**Gary L. Printy, Jr**
Florida Bar No. 41956
**PRINTY LAW FIRM**
5407 N Florida Ave.
Tampa, Florida 33604
Telephone (813) 434-0649
FAX (813) 423-6543
garyjr@printylawfirm.com
e-service@printylawfirm.com
*Lead Counsel for Plaintiff*
